Mark Rivera
16 Ritter Street
San Rafael CA 94901-3323
628-253-8290

**FILED**

AUG 16 2024

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES COURT

DISTRICT OF NORTHERN CALIFORNIA

MARK RIVERA

       Plaintiff,

vs.

CITY OF SAN RAFAEL, ANDREW URTON, CRISTINE ALILOVICH, CHRIS HESS, JOHN STEFANSKI, DOES 1-10

       Defendant

Case No.: **C24-05239**

COMPLAINT FOR EMERGENCY INJUNCTIVE RELIEF

FILED CONCURRENTLY EX-PARTE MOTION FOR TRO AND PRELIMINARY INJUNCTION TO STOP THE EVICTION OF MARK RIVERA FROM HIS HOME AT FALKIRK CENTER ON MONDAY, AUGUST 19TH 2024.

COMPLAINT FOR INJUNCTIVE RELIEFFILED CONCURRENTLY WITH APPLICATION FOR TRO - 1

## Table of Contents

*Plaintiffs Case in A Nutshell* .................................................................................. 3

*Parties* ................................................................................................................... 3

*Jurisdiction and Venue* .......................................................................................... 4

*Statement of Facts* ................................................................................................. 4

*First Cause of Action – Breach of Contract (Against City of San Rafael, John Stefanski, Cristine Alilovich, Andrew Urton)* ....................................................... 6

*Second Cause of Action 42 USC § 1983 Fifth Amendment Takings Clause (Against City of San Rafael, Andrew Urton, John Stefanski, Chris Hess, Cristine Alilovich)* .. 7

*Third Cause of Action 42 USC § 1983 Fifth Amendment Contracting Clause (Against City of San Rafael, Andrew Urton, John Stefanski, Chris Hess, Cristine Alilovich)* .. 8

*Fourth Cause of Action – Title II of Americans With Disabilities Act* ............... 9

*Fifth Cause of Action – 42 USC § 1983 Fourteenth Amendment State Created* ................................................................................................................... 10

*Sixth Cause of Action – Negligent and Intentional Infliction of Emotional Distress (Against All Defendants)* ....................................................................... 12

*Prayer For Relief* ............................................................................................... 13

*Verification* ......................................................................................................... 13

COMPLAINT FOR INJUNCTIVE RELIEFFILED CONCURRENTLY WITH APPLICATION FOR TRO - 2

## Plaintiffs Case in A Nutshell

1. This lawsuit and concurrently filed application for TRO seeks to enforce the terms of the settlement agreement in. *Rivera v. City of San Rafael et al (4:23-cv-03804-YGR)* (Heretofore, "*Rivera I*"). [See Exhibit A] by preventing the unlawful eviction of Plaintiff Mark Rivera from the Menzie's Lot/Falkirk Cultural Center on Monday, August 19th.

2. Plaintiff is exposed to the same dangers in *Rivera I;* the eviction places him in physical peril without accessible alternative shelter. He will experience hunger, thirst, and elemental exposure. He is a stroke survivor, and the displacement is likely to cause him to lose critical support systems that he relies on to survive as he manages other chronic conditions such as dementia, anemia, bi-polar disorder, and acute Post Traumatic Disorder (PTSD).

## Parties

1. **Plaintiff Mark Rivera** – is a man living at Falkirk, who's a stroke survivor, suffers from malnutrition induced dementia/amnesia, who has been encamped at the Falkirk Cultural Center for about the past three years, and who has been threatened with arrest and seizure of his property on July 28th.
   **Mailing Address:** 16 Ritter Street, San Rafael CA 94901-3323

2. **Defendant City of San Rafael** – a municipal corporation of under the State of California located in Marin County.
   **Address:** 1400 Fifth Street, San Rafael CA 94901

3. **Defendant Andrew Urton** is the San Rafael Ranger who posted a notice to vacate campsite on Plaintiffs home on April 13th.
   **Address:** 1400 Fifth Street, San Rafael CA 94901

4. **Defendant Cristine Alilovich** – the city manager and director of the **City of San Rafael** with whom Plaintiff entered into the Settlement Agreement in *Rivera I*
   **Address:** 1400 Fifth Street, San Rafael CA 94901

COMPLAINT FOR INJUNCTIVE RELIEFFILED CONCURRENTLY WITH APPLICATION FOR TRO - 3

5. **Defendant Chris Hess** – assistant city manager to **City of San Rafael** who is one of the principal managers of homeless encampments in the City.

   **Address:** 1400 Fifth Street, San Rafael CA 94901

6. **Defendant John Stefanski** – assistant city manager to **City of San Rafael** who is one of the principal managers of homeless encampments in the City.

   **Address:** 1400 Fifth Street, San Rafael CA 94901

7. **Defendant DOES 1-10** are currently unknown participants in the tortious allegations in the complaint.

   **Address:** 1400 Fifth Street, San Rafael CA 94901

# Jurisdiction and Venue

8. This court original federal question jurisdiction under 28 USC § 1331 based on claims under the 42 USC §1983 and Americans With Disabilities Act Title II. This court has pendant jurisdiction for pendant state law tort claim of Breach of Contract.

# Statement of Facts

9. **Plaintiff Mark Rivera** is a man who has made a home at the Menzie's Lot next to the Falkirk Cultural Center for four years. **Plaintiff** came to live here after a catastrophic medical emergency stemming from acute malnutrition that required a blood transfusion and has left him with chronic amnesia, balance issues, and other health issues. He is a survivor of two strokes. He suffers from dementia, and co-occuring diagnoses of bi-polar disorder and acute Post Traumatic Stress Disorder "PTSD", among other chronic disabilities.

10. **Plaintiff** originally lived in the Menzie Lot in his van, but around 2020, his van and all his work tools, birth certificate, passport, was seized and destroyed by the **City of San Rafael.** Since then, he has lived in the area in a tent.

COMPLAINT FOR INJUNCTIVE RELIEFFILED CONCURRENTLY WITH APPLICATION FOR TRO - 4

11. During his time at Falkirk, he has built a warm relationship with the City Staff who work there, and many other residents and service providers who bring him food, clothes, money, and other assistance. On a daily basis he cleans the grounds around Falkirk and waters the plants. While managing his chronic health conditions, **Plaintiff** relies on the nearby water, bathrooms, and shade. He relies on neighborhood volunteers around him who have housing that bring him food, clothing, and other types of donations. He relies on where he is staying to survive and manage his severe chronic health conditions and a complex form of dementia/amnesia.

12. On July 28th, 2023, Based on the official policy practices of the **City of San Rafael** and its department heads, **Sergeant Cleland** of the **City of San Rafael** police department posted a notice on **Plaintiffs** tent threatening to seize his survival gear, tent, shelter, bed, wheelchair, and food under threat of arrest if **Plaintiffs** camp by July 31st, at 12pm. [See Exhibit A]

13. **Sergeant Cleland** did not offer any alternative shelter or any assistance to mitigate the dangers he was exposing plaintiff to.

14. The notice contained the contact info of a social worker named Lynn Murphy for referrals to shelter.

15. **Plaintiff** called Lynn Murphy on July 29th asking for shelter. Lynn Murphy did not pick up the phone, but voicemail answered where a voice recording advised **Plaintiff** that Lynn Murphy was on vacation until August 7th.

16. Because of the dangers this eviction posed, Mr. Rivera sued the City, obtaining an injunction that culminated in a settlement and stipulated dismissal in *Rivera v. City of San Rafael et al (4:23-cv-03804-YGR)*. [See Exhibit A]. That Settlement agreement gave Plaintiff the right to reside on Menzie's Lot so long as the Administrative Order banning camping was in place. Since then, Mr. Rivera has essentially been the only unhoused person living at the Menzie's Lot and Falkirk Cultural Center, as he was entitled under the settlement agreement.

17. As of now, the Administrative Order and Settlement Agreement in full effect, Defendants City of San Rafael have issued a Notice to Vacate on Plaintiffs campsite demanding he leave his home of four years in a matter of a week. The facts and circumstances are essentially identical to the original injunction in *Rivera v. City of San Rafael et al (4:23-cv-03804-YGR)*. Facts have not changed since then. Assistant City Manager John Stefanski has indicated.

COMPLAINT FOR INJUNCTIVE RELIEFFILED CONCURRENTLY WITH APPLICATION FOR TRO - 5

# First Cause of Action – Breach of Contract (Against All Defendants)

18. **Plaintiff** reincorporates the preceding and foregoing paragraphs the preceding paragraphs as if fully set forth herein.

19. **Plaintiff** and the **City of San Rafael** entered into a SETTLEMENT AND RELEASE AGREEMENT "Settlement" in November 2023. **Cristine Alilovich** was the signatory for the City. A true and correct copy of the signed agreement is attached **Exhibit A.**

20. The Settlement stated, "WHEREAS on or about July 27, 2023, the City Manager of the City of San Rafael, pursuant to the authority under Section 19.80.020, subdivision (C)(3), of the San Rafael Municipal Code, issued an Administrative Order (the "Order"), temporarily prohibiting all camping, through August 31, 2023, at the encampment that was then located at the Falkirk Cultural Center and associated "Menzies Lot." On August 31, 2023, the Order was extended through September 30, 2023; and on October 2, 2023, the Order was extended through "Until Further Notice."

21. Settlement Term No 2a held that "The City will not enforce the Order as against Plaintiff so long as the Order remains in effect; provided, however, that nothing in this Paragraph, or this Agreement, will be construed to restrict or inhibit the City from taking any enforcement action against Plaintiff whatsoever that is not based on the Order".

22. Plaintiff alleges that the City is now enforcing the administrative order against him. On August 13th San Rafael Police Officer served Plaintiff a document titled CAMPSITE WARNING NOTICE notifying Plaintiff he would need to vacate Menzie's Lot and the Falkirk Cultural Center because of recent law passed SRMC 19.50.030(a) that prohibits campsites 250 feet from schools from Marin Academy. Plaintiffs' impression and course of conduct with from the interaction was that he would need to leave Falkirk Grounds completely.

23. Plaintiff served **City of San Rafael** City Attorney Robert Epstein a cease-and-desist letter challenging his compulsion to leave the area.

24. On August 15th, Plaintiff and his helper Robbie Powelson spoke with **Assistant City Manager John Stefanski** on the phone, and asked if Mark Rivera could continue to live at Falkirk Cultural Center if he

COMPLAINT FOR INJUNCTIVE RELIEFFILED CONCURRENTLY WITH APPLICATION FOR TRO - 6

moved a little farther away from Marin Academy. **John Stefanski** stated that Mark Rivera would not be able to move to the other side of the field, and that the Order would be enforced against him and that he would have to find a different place in the City to live. This confirmed to Plaintiff that Defendants were violation Term 2a of the Settlement Agreement.

25. Plaintiff alleges this course of conduct was direct by City Manager **Cristine Alilovich** as a policy of the **City of San Rafael.**

# Second Cause of Action 42 USC § 1983 Fifth Amendment Takings Clause (Against City of San Rafael, Andrew Urton, John Stefanski, Chris Hess, Cristine Alilovich)

26. Plaintiff reincorporates the preceding paragraphs as if fully set forth herein.

27. A property owner has actionable Fifth Amendment takings claim when the government takes his property without paying for it." *Knick v. Township of Scott, Pa.*, 139 S. Ct. 2162, 2167 (2019). ("The Fifth Amendment commands that property be not taken without making just compensation. Valid contracts are property, whether the obligor be a private individual, a municipality, a State, or the United States.") See *Lynch v. United States*, 292 U.S. 571,579 (I 934); see also *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, I003 (1984) (noting the range of "intangible interests," including contracts, that are "property for purposes of the Fifth Amendment's Takings Clause".

28. Plaintiff has a property interest in his settlement agreement with the **City of San Rafael** in *Rivera I*

29. Based on information and Belief, the **City of San Rafael** has taken an official policy to unilaterally void the settlement agreement in *Rivera I*. Plaintiffs allege that City Manager **Cristine Alilovich** has delegated final decision-making authority about encampments to Assistant City Manager **John Stefanski,** and that **Mr. Stefanski** in concert with **Andrew Urton**, are engaging in a course that is unlawfully voiding the contract and meaningfully interfering with Plaintiffs property rights in the Settlement Agreement.

COMPLAINT FOR INJUNCTIVE RELIEFFILED CONCURRENTLY WITH APPLICATION FOR TRO - 7

# Third Cause of Action 42 USC § 1983 Fifth Amendment Contracting Clause (Against All Defendants)

30. Plaintiffs reincorporate the preceding paragraphs as if full set forth herein.

31. The U.S. Constitution, article I, section 10, clause 1, known as the "Contracts Clause." provides that "[n]o State shall ... pass any ... Law impairing the Obligation of Contracts." A law that impairs a government entity's own contracts with a private actor is especially suspect and hence subject to heightened judicial scrutiny. *U.S. Trust Co. of N.Y. v. New Jersey*, 431 U.S. 1, 25-26 (1977).

32. Plaintiff has a contract with the City of San Rafael, and alleges that the City of San Rafael, as an official policy crafted by Cristine Alilovich, Chris Hess, and John Stefanski was improperly designed to interfere with Plaintiffs Settlement Agreement with City of San Rafael.

33. Based on information and Belief, the **City of San Rafael** has taken an official policy to unilaterally void the settlement agreement in *Rivera I*. Plaintiffs allege that City Manager **Cristine Alilovich** has delegated final decision-making authority about encampments to Assistant City Manager **John Stefanski,** and that **Mr. Stefanski** in concert with **Andrew Urton,** are engaging in a course that is unlawfully voiding the contract and meaningfully interfering with Plaintiffs property rights in the Settlement Agreement.

34. Evidence for this is in the legislative history of the City of San Rafael. Prior to the Settlement Agreement, Defendants (Ord. No. 2030, § 2, 7-17-2023) had a 200 foot buffer zone for encampments from playgrounds and did not have a buffer zone for encampments from schools. Seven months after the settlement agreement was entered, City of San Rafael entered a new anti-camping ordinance No. 2035 created a 250-buffer zone from schools that had not previously exist.

35. Plaintiff, who based on a measurement of Google Maps is about 210 feet away from Marin Academy if measured through the apartment buildings that separate him from

COMPLAINT FOR INJUNCTIVE RELIEFFILED CONCURRENTLY WITH APPLICATION FOR TRO - 8

Marin Academy. (However, measuring from around the apartment buildings, Plaintiff is about 260 feet from Marin Academy's.

36. Based on information and belief, Plaintiff is the only person in the entire of City of San Rafael who has an encampment that is less than 250 at the time of the ratification Ordinance No 2035 – and possessed the only encampment in the City of San Rafael that would be subject to the 250 requirements.

37. Under heightened scrutiny, the City Ordinance 2035 school set back requirement, which extended Ordinance 2030, 200-foot set back requirement, and the burden is on the City to explain creating set back requirements for school athletic fields that are 50 feet longer than the setbacks imposed against Playgrounds.

# Fourth Cause of Action – Title II of Americans With Disabilities Act (Against All Defendants)

38. **Plaintiff** reincorporates the preceding and foregoing paragraphs as if fully set forth herein.

39. **Plaintiff** suffers from severe chronic disabilities, including but not limited to, malnutrition induced dementia, amnesia, vertigo, and Post Traumatic Stress Disorder. **Plaintiff** is also survivor of two strokes.

40. Because of these disabilities, it is of paramount important that **Plaintiff** can remain at Falkirk to have maintain routines.

41. Encampment evictions are a program under Title II of the Americans with Disability Act.

42. On July 29th, 2023, **Plaintiff** electronically mailed a request for disability accommodations to the **City of San Rafael** department heads **Cristine Alilovich, Amy Miller, Chris Hess,** and **David Spiller,** as well as to the City Attorney **Robert Epstein** requesting an accommodation based on his documented disabilities.

COMPLAINT FOR INJUNCTIVE RELIEFFILED CONCURRENTLY WITH APPLICATION FOR TRO - 9

43. **Plaintiff** requested the **City of San Rafael** to either allow him to stay at Falkirk or provide a motel or room other type of housing.

44. While Plaintiff and the City settled their differences in the Settlement Agreement in *Rivera I*, Plaintiff's ADA request for reasonable accommodations for encampment evictions that Plaintiff filed then is still an open request. Plaintiff requested accessible alternative shelter for evictions and requested to remain at the Falkirk Cultural Center.

45. On August 13th, Andrew Burton acting on the orders of Cristine Alilovich, John Stefanski, Chris Hess as final decisions makers for the City of San Rafael posted a notice to vacate on Plaintiffs encampment.

46. However, Defendants failed to engage in the interactive process with Plaintiff based on his original request for accommodations for encampment evictions – and Defendants have provided Plaintiff with no accessible alternative shelter, no alternative places to be, and are once again trying to eject him with.

47. As described below, Defendants failure to accommodate Plaintiffs chronic disabilities places him at increased risk of becoming a victim of violence, and experiencing hunger, thirst, loss of sleep, and other foreseeable dangers that will be cause from dislocation from his support systems he has at his current home.

# Fifth Cause of Action – 42 USC § 1983 Fourteenth Amendment State Created  (Against All Defendants)

48. **Plaintiff** reincorporates the preceding and foregoing paragraphs as if fully set forth herein.

49. Removal from Falkirk will cause **Plaintiff** disorientation, related to **Plaintiffs** complex form of dementia and amnesia that may result a major disruption in his medical care, and ability to take prescribed medications, and storing and preparing medically necessary, healthful foods.

50. Removal from Falkirk will cause disorientation, related to **Plaintiffs** vertigo and balance related disabilities because it will cause him to have to walk dangerous distances to obtain, food, water, electricity, and to use public restrooms. Walking longer distances is liable to make **Plaintiff** experience dangerous falls due to loss of balance that could result injury and death.

COMPLAINT FOR INJUNCTIVE RELIEFFILED CONCURRENTLY WITH APPLICATION FOR TRO - 10

51. Removal from Falkirk will cause disorientation, related to **Plaintiffs** Post Traumatic Stress Disorder and other ailments by breaking apart **Plaintiffs** occupational therapy keeping Falkirk tidy and watering the plants here.

52. **City of San Rafael** and **Andrew Urton** in posting the notice to vacate and carrying through with the eviction are making an affirmative act that is exposing **Plaintiff** to these dangers he would not have otherwise faced.

53. **City of San Rafael** are aware of that **Plaintiff** suffers from medical vulnerabilities because **Plaintiff** has regular positive interactions with the **City of San Rafael** police officer who regularly check in on him for his benefit. **Plaintiff** has told many of these officers of his medical issues and the importance to his health and safety of staying at Falkirk.

54. **City of San Rafael** department heads **Alilovich, Hess, Miller, and Spiller** and the city attorney Robert Epstein were notified on July 29th, 2023, via electronic mail of the particularized dangers **Plaintiff** would be exposed to if the eviction occurred on July 31st and did not respond. **Plaintiff** requested accommodations related to disabilities and requested shelter.

55. Also, Plaintiff relies on solitude to manage his dementia, bi-polar, and PTSD to avoid becoming a victim of violence or arrest which can occur when his symptoms are aggravated and can cause interpersonal issues.

56. If Plaintiff is displaced from Falkirk, the only legal places to camp identified by the City of San Rafael are concentrated encampments - at the Library, Mahon Creek Path, or Andersen Drive. These open places to camp are indicated in *Boyd v City of San Rafael et al* 3:23-cv-04085-EMC Dkt No. 187-1.

57. However, Plaintiff will invariably experience violence in these situations because being put into proximity with other unhoused people who are disruptive – who drink heavily, use illicit narcotic, and have mental health issues, can cause Plaintiff to experience extreme emotional response that make him feel unsafe and can result dangerous interpersonal conflict.

58. Defendants know about the danger of concentrated encampments because their official policy makers and executive have provided voluminous data in the case *Boyd v City of San Rafael* 3:23-cv-04085-EMC where they provided many affidavits of their officials to justify Ordinance 2305 which required all encampments to be 200 feet away from one another. At the conclusion of that lawsuit, defendants repealed that ordinance and began a tactic of bunching homeless people together.

COMPLAINT FOR INJUNCTIVE RELIEFFILED CONCURRENTLY WITH APPLICATION FOR TRO - 11

59. **All Defendants** are acting with deliberate indifference to the particularized dangers they are exposing plaintiff to, because they are offering nothing to mitigate the dangers the **Plaintiff** will be exposed to if evicted from Falkirk – except offering to Place Plaintiff in a shelter that does not have any available beds and that is not accessible to his disabilities.

## Sixth Cause of Action – Negligent and Intentional Infliction of Emotional Distress (Against All Defendants)

60. Plaintiff reincorporates the preceding paragraphs as if fully set forth herein.

61. All Defendants owed Plaintiff a duty of care not to engage in a course of conduct that would cause Plaintiff emotional distress, and to not to engage in a course of conduct that would breach Plaintiffs Settlement Agreement and would not violate Plaintiffs civil rights.

62. All Defendants engaged in a course of conduct, negligently and intentionally, that breached the Settlement Agreement and violated Plaintiffs rights, in a way that would foreseeably cause Plaintiff to experience serious emotional distress because it threatened his life and wellbeing.

63. reasonably fear that his entire home, routines of life, and support networks will be irreparably harmed an upended.

64. As a result of Plaintiffs course of conduct, Plaintiff lost sleep, appetite, and experienced nervousness, grief, anxiety, worry, and shock that a reasonable person could not cope with because the course of conduct threatens Plaintiffs survival and way of life.

## Seventh Cause of Action – Promissory Estoppel (Against All Defendants)

65. Plaintiff reincorporates the preceding paragraphs as if fully set forth herein.

66. On August 13th, Defendants served Plaintiff a notice that indicated he would be evicted on August 20th.

COMPLAINT FOR INJUNCTIVE RELIEFFILED CONCURRENTLY WITH APPLICATION FOR TRO - 12

67. Plaintiff relied on Defendants promise, serving a cease and desist notice on Defendants and planning on filing a motion for TRO on Monday, August 19th which would allow Plaintiff the weekend to perfect his complaint and motion for TRO

68. On August 15th, Assistant City Manager John Stefanski and City of San Rafael outreach worker told Plaintiff that he would be evicted on August 19th, which meant Plaintiff would have to file a motion for TRO by August 16th for any effect.

69. Plaintiff was harmed because he planned on the additional 48 hours to perfect the complaint, and because of Defendants actions ,was deprived of the time he relied upon, causing his complaint to have typos and not having time for review.

# Prayer For Relief

a.  That this court issue a restraining order and preliminary injunction halting the planned arrest of Plaintiff and his property on August 19th, 2024.

b.  That this court issue a permanent injunction enjoining defendants from violating plaintiffs' rights as pleaded above.

c.  That this court award Plaintiff nominal, compensatory, and punitive damages as decided at trial.

d.  That this court award plaintiff costs of suit.

e.  That this court appoint Plaintiff an attorney for all parts of this proceeding, and/or, settlement negotiations.

f.  That this court provide other relief as found equitable.

# Verification

I, Mark Rivera, the plaintiff in the above captioned case respectfully submits this case to the court under Federal Rules of Civil Procedure 11

COMPLAINT FOR INJUNCTIVE RELIEFFILED CONCURRENTLY WITH APPLICATION FOR TRO - 13

_Mark Rivera_

/s/ Mark Rivera

August 16th, 2024

EXHIBIT A

COMPLAINT FOR INJUNCTIVE RELIEFFILED CONCURRENTLY WITH APPLICATION FOR TRO - 15

# SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement ("Agreement") is entered into as of November 27 , 2023 (hereinafter, the "Effective Date"), by and between, on the one hand, Mark Rivera (hereinafter, "Plaintiff"), and, on the other hand, the City of San Rafael ("City"), as well as Robert Cleland, Chris Hess, Cristine Alilovich, David Spiller, and April Miller, in both their respective official and individual capacities (collectively with the City, "Defendants"). Plaintiff and Defendants are collectively referred to in this Agreement as the "Parties," and individually as a "Party."

## <u>Recitals</u>

This Agreement is made and entered into on the basis of the following facts and understanding of the Parties:

**A.**    **WHEREAS**, on or about July 27, 2023, the City Manager of the City of San Rafael, pursuant to the authority under Section 19.80.020, subdivision (C)(3), of the San Rafael Municipal Code, issued an Administrative Order (the "Order"), temporarily prohibiting all camping, through August 31, 2023, at the encampment that was then located at the Falkirk Cultural Center and associated "Menzies Lot." On August 31, 2023, the Order was extended through September 30, 2023; and on October 2, 2023, the Order was extended through "Until Further Notice."

**B.**    **WHEREAS**, on or about Monday July 31, 2023, Plaintiff filed a request entitled "*Ex-Parte* Motion for TRO and Preliminary Injunction to Stop the Eviction of Mark Rivera from His Home at Falkirk Center on July 31st, at 12 PM," in the United States District Court for the Northern District of California, Case No. 23-cv-03804 (the "Lawsuit"). In the Lawsuit, Plaintiff sought to enjoin the City from enforcing the Order as against Plaintiff and only Plaintiff.

**C.**    **WHEREAS**, on July 31, 2023, the Court granted Plaintiff's request for a temporary restraining order (the "TRO"), enjoining the City from enforcing the Order as to Plaintiff pending a hearing on an order to show cause regarding a preliminary injunction. At the hearing on the order to show cause, and in a subsequent status conference, the Hon. Judge Yvonne Gonzalez Rogers ordered Plaintiff and the City to attend a series of settlement conferences before Magistrate Judge Robert M. Illman, and extended the TRO through the completion of those settlement discussions. At a settlement conference before Judge Illman held on September 6, 2023, the Parties agreed to the terms of the settlement set forth herein.

**D.**    **WHEREAS**, the parties now desire to settle all disputes between them relating to or arising from the the Order, the City's enforcement of the Order, the Lawsuit, and/or the TRO.

**NOW THEREFORE**, in consideration of the mutual promises contained herein, and for other good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, the Parties agree as follows:

-1-

4881-9172-9790 v1

## Agreement

1. **Dismissal of Lawsuit**. Within five (5) business days after the Effective Date, the Parties shall file a stipulation and proposed order for voluntary dismissal of the Lawsuit, with prejudice, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. The stipulation and proposed order shall also provide that any and all interim relief granted in the Lawsuit, including but not limited to the TRO or an any extension thereof, is terminated. Because Plaintiff agrees to dismiss the Lawsuit with prejudice, he also agrees not to support or file any new lawsuits against the City that involve any matter resolved between the Parties by way of this Agreement.

2. **Actions By City**. In exchange for the release and other covenants from Plaintiff set forth herein, and the dismissal of the Lawsuit, the City hereby agrees to the following:

   a. The City will not enforce the Order as against Plaintiff so long as the Order remains in effect; provided, however, that nothing in this Paragraph, or this Agreement, will be construed to restrict or inhibit the City from taking any enforcement action against Plaintiff whatsoever that is not based on the Order, as issued on July 31, 2023, and as extended on August 31, 2023, and October 2, 2023; and

   b. Within five (5) business days after the Effective Date, the City will make a single, further reasonable effort to connect Plaintiff with a case manager who serves the homeless community of the City of San Rafael; provided, however, that the City makes no guarantee or promise regarding the availability of any such case manager, or the ability or willingness of any such case manager to assist Plaintiff; all Parties agree and acknowledge that the City is merely facilitating a potential introduction of Plaintiff to said case manager.

3. **General Release**. Except with respect to the obligations created by or arising from this Agreement, Plaintiff, on behalf of himself and his successors, heirs, assigns, agents, attorneys, employees, and representatives, hereby releases and forever discharges Defendants, and each of them, both collectively and individually, as well as their respective successors, heirs, assigns, agents, attorneys, employees, representatives, elected and appointed officials, staff, partners, officers, directors, members, shareholders, trustees, beneficiaries, and insurers (hereinafter, the "Released Parties"), from any and all claims, demands, and/or causes of action, whether known or unknown, suspected or unsuspected, which Plaintiff ever had, now has, or ever may claim to have, against the Released Parties, and each of them, relating to or arising from any matter relating to the Order, the City's enforcement of the Order, the Lawsuit, the claims raised in the Lawsuit, and/or the TRO. This release does not apply to any future claims that do not exist at the time of the signing of this Agreement. Plaintiff further expressly waives, on behalf of himself and his successors, heirs, assigns, agents, attorneys, employees, and representatives, all rights and benefits that he may have under the California Civil Code section 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD**

-2-

4881-9172-9790 v1

**HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH
THE DEBTOR OR RELEASED PARTY.**

4.      **Attorneys' Fees.** Each Party shall bear their own attorneys' fees and costs in relation to the Lawsuit, the Order, the City's enforcement of the Order, and/or the TRO. The Parties agree that none of them will file any request for attorneys' fees and/or litigation costs in the Lawsuit, or relating thereto.

5.      **Warranty of Authority.** By executing this Agreement, each Party and each signatory below covenants, warrants, and represents that the signatory of this Agreement is fully authorized to enter into, and to perform all terms and conditions of, this Agreement on such Party's behalf.

6.      **No Prior Assignments.** By executing this Agreement, each of the undersigned covenants, warrants, and represents that it has not assigned to any other person or entity any claim encompassed within the release set forth herein.

7.      **Sole and Final Agreement.** This Agreement is the final expression of the agreements between the Parties with respect to the subject matter of this Agreement, and is intended by the Parties as the complete, exclusive, and entire statement of the terms of the settlement by and between the Parties. As such, this Agreement supersedes and fully and completely extinguishes any prior understandings or agreements by or between the Parties, whether oral or written, express or implied, concerning the subject matter of this Agreement.

8.      **No Admission of Liability.** The Parties understand, acknowledge, and agree that this Agreement represents a settlement of disputed claims, and that, by entering into this Agreement, no Party admits or acknowledges any fault, liability, or wrongdoing.

9.      **Drafting Acknowledgment.** By executing the Agreement, the Parties agree that any construction of the intent of the Parties, or language hereof, to be made by a court of law shall be neutral, and that no ambiguity as to any of the terms or provisions of the Agreement shall be construed against any of the Parties hereto.

10.      **Comprehension of Terms.** The Parties warrant and represent that they have read this Agreement in full, have fully understood each and every provision hereof, are entirely satisfied with the terms of this Agreement, have consulted with attorneys of their choice to the extent desired regarding this Agreement, and agree to be bound by all terms and provisions hereof.

11.      **No Other Representations.** No representations, oral or otherwise, express or implied, other than those contained herein, have been made by any of the Parties, or their representatives, other than those stated in this Agreement, and by executing this Agreement, each of the Parties warrants and represents that the Agreement is made and entered into without reliance upon any statements or representations of the other Parties, or in reliance upon any statements or representations made by any representatives or affiliates of the Parties, or by any others, that are not contained in this Agreement.

-3-

4881-9172-9790 v1

12.    **Severance.** To the extent any provision, or portion thereof, contained in this Agreement is held to be illegal, void, or otherwise unenforceable, such illegal, void, or otherwise unenforceable provision, or portion thereof, shall be severed and excised from this Agreement, and this Agreement shall otherwise remain in full force and effect.

13.    **Governing Law.** The rights and obligations of the Parties hereunder shall be governed by, construed under, and enforced in accordance with the laws of the State of California, without regard to conflict-of-law principles.

14.    **Binding Nature of Agreement.** This Agreement shall be binding upon, and shall inure to the benefit of, the Parties and their respective successors, heirs, assigns, agents, attorneys, employees, representatives, officials, staff, partners, officers, directors, members, shareholders, trustees, beneficiaries, and insurers.

15.    **Counterparts.** This Agreement may be executed in any number of counterparts, by facsimile or pdf, each of which shall be deemed an original; however, all such counterparts shall constitute but one and the same instrument.

**IN WITNESS WHEREOF**, this Agreement has been entered into by and between the Parties as of the Effective Date.

**CITY**                                **CITY OF SAN RAFAEL**

Cristine Alilovich (Nov 27, 2023 21:54 PST)

By:    Cristine Alilovich
Its:    City Manager

**APPROVED AS TO FORM**            **CITY ATTORNEY**

By:    Robert F. Epstein

**PLAINTIFF**                           **MARK RIVERA**

By:    Mark Rivera

-4-

4881-9172-9790 v1

12.    **Severance.** To the extent any provision, or portion thereof, contained in this Agreement is held to be illegal, void, or otherwise unenforceable, such illegal, void, or otherwise unenforceable provision, or portion thereof, shall be severed and excised from this Agreement, and this Agreement shall otherwise remain in full force and effect.

13.    **Governing Law.** The rights and obligations of the Parties hereunder shall be governed by, construed under, and enforced in accordance with the laws of the State of California, without regard to conflict-of-law principles.

14.    **Binding Nature of Agreement.** This Agreement shall be binding upon, and shall inure to the benefit of, the Parties and their respective successors, heirs, assigns, agents, attorneys, employees, representatives, officials, staff, partners, officers, directors, members, shareholders, trustees, beneficiaries, and insurers.

15.    **Counterparts.** This Agreement may be executed in any number of counterparts, by facsimile or pdf, each of which shall be deemed an original; however, all such counterparts shall constitute but one and the same instrument.

**IN WITNESS WHEREOF**, this Agreement has been entered into by and between the Parties as of the Effective Date.

**CITY**                  **CITY OF SAN RAFAEL**

Cristine Alilovich (Nov 27, 2023 21:54 PST)

By:    Cristine Alilovich

Its:    City Manager

**APPROVED AS TO FORM**              **CITY ATTORNEY**

By:    Robert F. Epstein

**PLAINTIFF**                **MARK RIVERA**

By:    Mark Rivera

-4-

4881-9172-9790 v1

# Rivera v. City of San Rafael - Settlement Agreement 4881-9172-9790 v.7

Final Audit Report                                                      2023-11-28

| | |
|---|---|
| Created: | 2023-11-27 |
| By: | Laraine Gittens (laraine.gittens@cityofsanrafael.org) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAn74aXFOPuGJReCVeTUzfWr-pe47c5Ynw |

## "Rivera v. City of San Rafael - Settlement Agreement 4881-9172-9790 v.7" History

📄 Document created by Laraine Gittens (laraine.gittens@cityofsanrafael.org)
2023-11-27 - 5:13:42 PM GMT- IP address: 199.88.113.8

↳ Document emailed to cristine.alilovich@cityofsanrafael.org for signature
2023-11-27 - 5:15:18 PM GMT

📄 Email viewed by cristine.alilovich@cityofsanrafael.org
2023-11-28 - 5:52:17 AM GMT- IP address: 174.249.148.15

✍ Signer cristine.alilovich@cityofsanrafael.org entered name at signing as Cristine Alilovich
2023-11-28 - 5:54:09 AM GMT- IP address: 174.249.148.15

✍ Document e-signed by Cristine Alilovich (cristine.alilovich@cityofsanrafael.org)
Signature Date: 2023-11-28 - 5:54:11 AM GMT - Time Source: server- IP address: 174.249.148.15

✓ Agreement completed.
2023-11-28 - 5:54:11 AM GMT

Adobe Acrobat Sign